UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.    § | CRIMINAL NO. 4:24-CR-385 |
| § | |
| SANJAY KUMAR, § | |
| Defendant. § | |

UNITED STATES' UNOPPOSED MOTION
FOR ORDER IMPOSING MONEY JUDGMENT

The United States moves for the imposition of a money judgment against Defendant Sanjay Kumar in the amount of $58,823. The Defendant is unopposed.

I.   **Procedural History**

Defendant Sanjay Kumar pleaded guilty to Count 1 of the Indictment. Count 1 charges the Defendant with Conspiracy to Traffic in Counterfeit Goods, in violation of Title 18, United States Code, Section 2320(a)(4).

The United States provided notice to the Defendant in the Indictment that pursuant to Title 18, United States Code, Section 2232(a) and (b), upon the Defendant's conviction, the United States would seek forfeiture of any article, the making or trafficking of which is prohibited by Title 18, United States Code, Section 2320; any property used or intended to be used to commit or facilitate the commission of such offense; and all property constituting or derived from proceeds obtained directly and indirectly as a result of such offense. The United States also gave notice that it would seek a money judgment equal to the total value of the property subject to forfeiture.

## II.     Argument and Authorities

Forfeiture is a mandatory element of sentencing imposed following conviction. *See United States v. Gasanova*, 332 F.3d 297, 300-01 (5th Cir. 2003); 28 U.S.C. § 2461(c) (providing that if a defendant is convicted of an offense giving rise to forfeiture, "the court shall order the forfeiture of the property"). Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A), "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." In considering the forfeiture, "[t]he court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." FED.R.CRIM.P. 32.2(b)(1)(B).

The Fifth Circuit Court of Appeals has endorsed the imposition of personal money judgments. *United States v. Olguin*, 643 F.3d 384, 397 (5th Cir. 2011) ("We join our sister circuits and hold that money judgments are appropriate in the criminal forfeiture context," *quoting United States v. Day*, 524 F.3d 1361, 1378 (D.C. Cir. 2008)). The defendant is held responsible in forfeiture for the amount of proceeds he obtained or acquired as a result of the crime. *See Honeycutt v. United States*, 581 U.S. 443 (2017).

## III.     Proceeds Received by the Defendant

The Defendant admitted in the Plea Agreement that "[o]ver the course of the conspiracy, KUMAR and his co-conspirators received approximately $89,268 for their sales of Keytruda using counterfeit marks from undercover agents." ECF No. 34 at p. 13.

The United States contends that the evidence shows that the Defendant personally received or controlled at least $58,823 in proceeds from the conspiracy that forms the basis of the count of conviction. The $58,823 was sent to bank accounts controlled by the Defendant as the account holder or a joint account holder with his wife through the following transactions for sales of fraudulent Keytruda, specifically:

1) $6,100 wired on August 16, 2018;

2) $2,829 wired on May 29, 2019;

3) $2,950 wired on June 5, 2019;

4) $5,000 wired on July 30, 2019;

5) $5,000 wired on July 30, 2019;

6) $6,499 wired on October 23, 2019;

7) $2,750 wired on December 3, 2019;

8) $3,200 wired on January 16, 2020;

9) $3,200 wired on June 29, 2020;

10) $6,598 wired on September 2, 2020;

11) $3,499 wired on December 1, 2020;

12) $3,799 wired on March 25, 2021;

13) $3,899 wired on October 13, 2021; and

14) $3,500 wired on March 15, 2023

The United States submits that a personal money judgment of $58,823 is supported by the Plea Agreement and the record as a whole.

## IV. Relief Requested

In accordance with Rule 32.2(b) of the Federal Rules of Criminal Procedure, the United States moves for the imposition of a money judgment against Defendant Sanjay Kumar in the amount of $58,823. A proposed order is attached for the Court's consideration.

                                        Respectfully submitted,

                                        NICHOLAS J. GANJEI
                                        United States Attorney

By:       */s/ Ethan Cantor*
            ETHAN CANTOR
            Trial Attorney
            Computer Crime & Intellectual Property Section
            Criminal Division
            U.S. Department of Justice
            1301 New York Avenue NW, Sixth Floor
            Washington, D.C. 20005
            202-616-5961
            Ethan.Cantor@usdoj.gov

            */s/ Jay Hileman*
            JAY HILEMAN
            Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel for Defendant.

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on all parties via electronic court filing on February 28, 2026.

*/s/ Ethan Cantor*
ETHAN CANTOR
Trial Attorney
